The opinion of the court was delivered by

Mr. Justice Colcock.

The motion for a non-suit cannot prevail: there was sufficient evidence to prove that Singletary was acting in the capacity of deputy sheriff. The sheriff did not say so, in so many words, hut his acts leave no doubt on the subject: he reproved him for having done wrong; told the witness, M‘Cants, that he was at liberty; gave him the bail bond to be completed, which he carried with him and after putting the [L. S.] to the names, as he had been desired to do, sent it to the sheriff in a letter, who produced it, together with the letter on the trial.
On the third ground — it has been the invariable practice-ill this country to authorize the deputy sheriff’s to take bail; it is indispensably necessary that it should be so. To bring every man to Charleston, against whom an order for bail might issue, would be to enable a malicious creditor unjustly to harrass his debtor, and in any view, to subject unfortunate'debtors to unnecessary expense and trouble. The defendant cannot succeed on the fifth ground; for the misconduct of the deputy was attempted to be justified by the very fact that his duty had not been completely performed. . He must be considered as acting jn bis official capacity. It is not like the case of Stevens and for there the defendant had been taken from the deputy, his authority was superseded, and he, in opposition to the order of the judge to release the prisoner, continued to detain him in his custody. On the grounds ©f fact, the most *232 favorable view of the case, was submitted to the jury, and they were given to understand that the court thought nominal dama-, ges would be sufficient; but they chose to differ from the court* as they had a right to do, and we cannot disturb the verdict*
Kennedy &/■ He Lessieline, 'for the motion*
Hunt, contra.
Bay, JYott, Johnson & Huger', Justices, concurred.-